IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTONIA M. HARRIS                                       PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:21-cv-679-TSL-MTP

J.C.PENNEY CORPORATION, INC.                              DEFENDANT

**NOTICE OF REMOVAL**

Defendant, J.C. PENNEY, Corporation, Inc., by and through counsel, presents this Notice of Removal of the cause described below from the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and states as follows:

**I. JURISDICTION AND VENUE**

1. This civil action was originally commenced by Plaintiff in the Circuit Court of Madison County, Mississippi, against J.C. Penney, Corporation, Inc., and proceeded in that Court under cause number CI-2021-0245-JA. Plaintiff filed her Complaint on September 13, 2021. She served the Complaint on the Defendant on September 24, 2021, such that this action is timely removed to this Court in 30 days or less in accordance with applicable law.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

**II. DIVERSITY OF CITIZENSHIP JURISDICTION**

3. This action is properly removed to this Court pursuant to 28 U.S.C. §§1332 and 1441, since the parties to this matter are of entirely diverse citizenship, and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs.

4. Complete diversity of citizenship exists between Plaintiff and Defendant, J.C. Penney Corporation, Inc.

### III. PARTIES

5. According to the allegations of the Plaintiff's Complaint, Plaintiff, at the time of the filing of the Complaint, was (and is) an adult resident citizen of Madison County, Mississippi. (See Complaint, paragraph 1).

6. At the time of the filing of the Complaint, and all times pertinent to this removal, the Defendant J.C. Penney Corporation, Inc., was (and still is) a corporation organized/incorporated under and pursuant to the laws of the State of Delaware, and not Mississippi, having its principal place of business in the State of Texas.

### IV. AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the claims alleged in Plaintiff's Amended Complaint. Although the Plaintiff's Complaint does not specify an amount sued for, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.00. According to the allegations of the Plaintiff's Complaint, the Plaintiff is seeking damages for physical pain and suffering, compensatory damages for mental anguish, loss of enjoyment of life, lost wages, loss of earning capacity, disfigurement and disability, and attorney fees. See Complaint attached hereto as Exhibit "A".

8. Plaintiff's claim for unspecified punitive damages is alone sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law. See *Brasel v. Unumprovident Corp.*, 2001 WL 1530342 (N.D. Miss., Oct. 25, 2001); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcely v. Poole Co.*, 5 F.3d 81, 84-85 (5th Cir.

1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)); see also *Montgomery v. First Family Fin. Serv Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal diversity jurisdiction). The Plaintiff's demand for punitive damages, combined with the actual damages sought clearly satisfy the amount in controversy requirement.

9. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, since it is a civil action between citizens of different states with the amount in controversy in excess of $75,000.00, exclusive of costs and interest, and this action is hereby removed to this Court pursuant to 28 U.S.C. § 1441.

### V.   CONCLUSION

10. A copy of all process, pleadings and orders previously filed in the Circuit Court of Madison County, Mississippi, is attached hereto as Exhibit "A" to this pleading.

11. Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being provided to the Clerk of the Circuit Court of the Madison County, Mississippi, and written notice of the filing of this Notice of Removal is being given directly to counsel of record for the plaintiff.

12. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Madison County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, J.C. Penney Corporation, Inc., respectfully requests this Court to properly assume full jurisdiction over the Plaintiff's claims against it, as provided by law.

This the 22nd day of October 2021.

        Respectfully submitted,

        **J.C. Penney Corporation, Inc.**

      BY: */s/ Lisa W. McKay*
        LISA W. MCKAY (MSB #9678)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive (39232)
Mailing: P. 0. Box 750, Jackson, MS 39205-0750
Telephone: (601) 969-1010
Fax: (601) 969-5120
lmckay@curriejohnson.com

## **CERTIFICATE OF SERVICE**

  I, the undersigned counsel, hereby certify that I have this date electronically filed the above and foregoing with the clerk of Court, using the ECF system and mailed or emailed a copy to the following:

    Lauren Cavalier, Esq.
    Dudley DeBosier PLC
    1075 Government Street
    Baton Rouge, LA 70802
    lcavalier@dudleydebosier.com

THIS, the 22nd day of October 2021.

        */s/ Lisa W. McKay*
        Lisa W. McKay